# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           )
                             )
v.                           )        I.D. Nos. 1208019349
                             )                  1210019843
                             )
JAWAN D. HAMILTON,           )
                             )
        Defendant.           )

## ORDER

This 14th day of November, 2017, upon the Department of Correction's ("DOC") application pursuant to 11 *Del. C.* § 4217 to modify Defendant Jawan D. Hamilton's ("Hamilton") Level V sentence imposed by the Court on July 19, 2013; the Board of Parole's ("BOP") recommendation that the Court grant the application; the State's response in opposition to the application, and the record in this case, it appears to the Court that:

1. Hamilton pled guilty to Drug Dealing and Possession of a Firearm by a Person Prohibited. He was sentenced on July 19, 2013, effective October 28, 2012, to a total of 18 years at Level V, suspended after serving eight years at Level V for decreasing levels of supervision. Of the eight years Hamilton was sentenced to serve at Level V, three years were a minimum mandatory sentence.

2. Hamilton has filed a total of three sentence modification motions under Rule 35. The first was denied on October 23, 2013, however, Hamilton was granted

leave to file a subsequent Rule 35(b) motion upon the completion of the minimum mandatory portion of his sentence. Shortly thereafter, another Rule 35(b) motion was denied on November 15, 2013. Finally, his third motion was denied on March 11, 2016 by this Court as both procedurally barred and without merit.[1] The Court considered the merits of the motion because the sentencing judge had granted Hamilton leave to file a successive Rule 35(b) motion after serving his minimum mandatory sentence, and that minimum mandatory period had been served.

3. On August 1, 2017, DOC submitted an application for sentence modification on Hamilton's behalf under 11 *Del. C.* 4217. That section permits DOC to submit an application for sentence modification for "good cause shown" which certifies that the inmate's release "shall not constitute a substantial risk to the community or the defendant's own self."[2] "Good cause" includes rehabilitation of the offender.[3] The application makes the required certification and cites Hamilton's good behavior, that he earned his GED, and the amount of time he has served compared to the time remaining on his sentence. With respect to the last factor, it appears that Hamilton's Adjusted Release Date is November 10, 2019. DOC recommends that the balance of Hamilton's sentence be suspended upon successful

---

[1] *State v. Hamilton*, ID No. 12008019349, D.I. 53.
[2] 11 *Del C.* § 4217(b).
[3] 11 *Del. C.* § 4217(c).

2

completion of the KEY program, that any remaining balance be served at Level IV CREST, and that upon successful completion of CREST, that Hamilton serve any remaining time at Level III CREST aftercare.

4. BOP voted to recommend a modification to what amounts to time served at Level V followed by eight months of Level IV Work Release, followed by Level III. Like DOC, BOP notes that Hamilton has completed Thresholds, Alternatives to Violence, My Brother's Keeper, and Automotive Class. It is not clear why BOP's recommendation deviates from DOC's.

5. The State opposes a reduction noting that, in denying a previous Rule 35(b) motion in 2016 the Court found that the original sentence was appropriate.

6. Having considered all of the above, the Court has determined to modify Hamilton's sentence in accordance with the recommendation of DOC. In contrast to DOC's application, the 2016 motion requested a suspension of Hamilton's Level V sentence for Level IV Home Confinement, with Hamilton to be held at Level III until Level IV Home Confinement was available. The Court denied that motion on March 11, 2016. Since then, Hamilton has served an additional 20 months at Level V. While the Court still believes the original sentence was an appropriate one, it also believes that the modified sentence ordered here, based on DOC's recommendation, including its certification that Hamilton does not pose a significant

risk to the community and its recommendation that he complete the KEY/CREST continuum also is an appropriate sentence, but a preferable one.

**THEREFORE, IT IS HEREBY ORDERED** that the application of the Department of Correction pursuant to 11 *Del. C.* § 4217 to modify Defendant Jawan Hamilton's Level V sentence is **GRANTED.** The Defendant's sentence as to IN13-01-1413 Possession of a Firearm by a Person Prohibited is modified as follows: The Defendant is placed in the custody of the Department of Correction for eight (8) years at supervision Level V with credit for six (6) days previously served, the first three (3) years of which is a minimum mandatory period of incarceration, suspended after three (3) years at supervision Level V **and** successful completion of the KEY program, for the balance at supervision Level IV CREST, suspended upon successful completion for one (1) year at supervision Level III CREST aftercare. All other terms and conditions of the Defendant's sentence in ID NO. 1208019349 are unchanged. A new sentencing order shall issue.

_____
Ferris W. Wharton, Judge

Original to Prothonotary
cc:   Andrew J. Vella, Esquire, Deputy Attorney General
      Jawan Hamilton
      Board of Parole
      Investigative Services

4